DAUGHTERY *v.* STATE.[*]

(*Knoxville,* September Term, 1929.)

Opinion filed October 19, 1929.

574

FLETCHER & BERNHARDT, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff in error appeals from a conviction for unlawfully and wilfully allowing his cattle to run at large. The case was made out by the State on its facts.

But it is insisted that the Statute creating this offense, Chapter 212 of the Private Acts of 1927, is unconstitutional, in that the certification or notation of the fact that the Governor was presented with the bill and failed to act on and return it within the constitutional limitation

of five days, and that the bill thus became the law, was not made in accordance with the requirement prescribed by Section 228 of Shannon's Code. The Statute here brought into the Code prescribes the legislative procedure when and "if the Governor shall fail to return any bill . . . within five days (Sundays excepted) after it shall have been presented to him," and provides for the signing by the speakers of both houses of a certain form of certificate.

In the instant case (as in many others) it appears that the notation or certificate is signed by the Clerk of the Senate, in which body the bill originated, wherein it is recited in the statutory form that it had "been presented to him." It could not have "been held by him" unless it had "been presented to him."

But, we think it clear that the Statute cited is directory merely, and that each successive General Assembly is a law unto itself in this regard. It is constitutional and not statutory prohibitions which bind the Legislature. The creator is greater than its creations.

The Constitution provides that "If the Governor shall fail to return any bill, with his objections within five days (Sundays excepted) . . . the same shall become a law without his signature, unless," etc. This is mandatory. It presupposes that the bill shall have passed both houses in conformity to other constitutional requirements. In the present case the Journals show the passage of the bill in due course and with all essential formalities. When it was in fact held by the Governor for more than five days and returned without his signature it became by operation of our constitutional provision the law of the land, with or without specific or statutorily prescribed certification. In harmony

with this view see *Johnson City* v. *Eastern Elec. Co.*, 133 Tenn., 645. And as to notice of and the binding force of Journal recitals, see *Heiskell* v. *Knox County*, 132 Tenn., 187.

It results that the Act was in full force and effect and the judgment must be affirmed.